```
                                    FILED
                            U.S. DISTRICT COURT
                           EASTERN DISTRICT OF LA

                           2005 DEC 12  PM 4: 14

                           LORETTA G. WHYTE
                                  CLERK
```

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALBERT TOLLIVER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-2498** |
| **TIM WILKINSON** | **SECTION "K"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing if necessary, and to submit Proposed Findings and Recommendations pursuant to **Title 28 U.S.C. §§ 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  After reviewing the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.  *See* 28 U.S.C. § 2254(e)(2).[1]

### I.   Factual Background

The petitioner, Albert Tolliver ("Tolliver"), is incarcerated in the Winn Correctional Center in Winnfield, Louisiana.[2]  On January 25, 1993, Tolliver was charged by Bill of Information in Orleans Parish with one count of first degree robbery and one count of armed robbery of the victim,

---

[1] Under Title 28 U.S.C. § 2254(e)(2), the District Court may hold an Evidentiary Hearing only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by an exercise of due diligence, and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 2, Petition.

```
            ___ Fee
            ___ Process
            _X_ Dktd
            ___ CtRmDep
            ___ Doc. No
```

John Kondas, each count occurring on a separate occasion.[3]  Because there was no trial or appeal, the record contains no other detailed facts about the crimes.

Tolliver entered a plea of guilty to both counts at a hearing held on March 30, 1993.[4]  He also entered a plea of guilty to the multiple bill filed by the State that same day.[5]  After waiver of legal delays, the Trial Court sentenced Tolliver to concurrent sentences of 40 years imprisonment on the first count of first degree robbery and 49½ years as a multiple offender on the second count of armed robbery, with both sentences to be served without benefit of parole, probation or suspension of sentence.[6]

Tolliver's conviction became final five days later on Sunday, April 4, 1993, or on the following business day, April 5, 1993, because he did not seek reconsideration of his sentence or appeal the conviction.  *Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five day deadline for filing a notice of appeal under La. Code Crim. P. art. 914[7]).  Affording Tolliver every benefit, and for ease of reference, his conviction is deemed to be final on April 5, 1993, for purposes of this report.

---

[3]St. Rec. Vol. 1 of 2, Bill of Information, 1/25/93.

[4]St. Rec. Vol. 1 of 2, Waiver of Constitutional Rights Plea of Guilty, 3/30/93; St. Rec. Vol. 2 of 2, Plea and Sentencing Transcript, 3/30/93.

[5]St. Rec. Vol. 1 of 2, Multiple Bill, 3/30/93; Waiver of Rights - Plea of Guilty Multiple Offender, 3/30/93; St. Rec. Vol. 2 of 2, Plea and Sentencing Transcript, 3/30/93.

[6]St. Rec. Vol. 2 of 2, Plea and Sentencing Transcript, 3/30/93.

[7]At the time of petitioner's conviction, La. Code Crim. P. art. 914 required a criminal defendant move for leave to appeal within five days of the order or judgment that is being appealed or of a ruling on a timely motion to reconsider a sentence.  Failure to move timely for appeal under Article 914 renders the conviction and sentence final at the expiration of the period for filing the motion for appeal. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).  Article 914 was amended by Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal.

## II.     Procedural Background

The record shows that, almost 10 years later, on February 25, 2003, Tolliver filed a Motion to Vacate an Illegal Multiple Bill Sentence in the Trial Court alleging that he was improperly sentenced to multiple sentences on the same conviction.[8] The Trial Court denied the motion without reasons on June 4, 2003.[9]

Meanwhile, on May 6, 2003, Tolliver filed a Writ Application in the Louisiana Fourth Circuit Court of Appeal requesting a ruling on the Motion to Vacate previously filed in the Trial Court.[10] The appellate court denied the Writ Application on May 30, 2003, because Tolliver did not demonstrate that he was serving two sentences.[11]

Tolliver filed a Writ Application in the Louisiana Supreme Court on July 10, 2003.[12] The Louisiana Supreme Court denied the Writ Application on July 2, 2004, pursuant to La. Code Crim. P. art. 930.3 and *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996).[13]

---

[8]The trial court record does not contain a copy of this motion.  However, the filing date of the motion is referenced by Tolliver in his subsequent application to the Louisiana Fourth Circuit, along with a copy of the motion and the certified mail receipt to the Trial Court. St. Rec. Vol. 2 of 2, 4th Cir. Writ Application, 2003-K-0842, 5/6/03. The State also acknowledges in its opposition response that the motion was filed. Rec. Doc. No. 4.

[9]St. Rec. Vol. 2 of 2, Judgment, 6/4/03.

[10]St. Rec. Vol. 2 of 2, 4th Cir. Writ Application, 2003-K-0842, 5/6/03.

[11]St. Rec. Vol. 2 of 2, 4th Cir. Order, 2003-K-0842, 5/30/03.

[12]St. Rec. Vol. 2 of 2, La. S. Ct. Writ Application, 03-KH-1958, 7/10/03 (post marked 6/20/03).

[13]*State ex rel. Tolliver v. State*, 877 So.2d 133 (La. 2004); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2003-KH-1958, 7/2/04. In *Melinie*, the Louisiana Supreme Court, relying on La. Code Crim. P. Art. 930.3, ruled that claims of excessive sentence or errors in sentencing which should be raised on direct appeal were not proper grounds for post-conviction relief.

### III.   Federal Petition

On October 5, 2004, Tolliver filed a Petition for Federal Habeas Corpus Relief in which he raises two grounds for relief:[14] (1) The Trial Court erred in failing to vacate the original sentence before enhancing petitioner's sentence under the multiple bill statute; and (2) Ineffective assistance of counsel for failure to object to the Trial Court's sentencing error and the unintelligent guilty plea, and failure to investigate the case.

The State opposes the Petition on the basis that it is not timely filed and the ineffective assistance of counsel claim is not exhausted.[15]

### IV.   Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, which comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, went into effect on April 24, 1996[16] and applies to habeas petitions filed after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Tolliver's petition, which is deemed filed in this Court under the federal "mailbox rule" on August 2, 2004.[17]

---

[14]Rec. Doc. No. 2, Memorandum in Support.

[15]Rec. Doc. No. 4.

[16]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 (5th Cir. 1992).

[17]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Tolliver's petition on October 5, 2004, the date on which the filing fee was paid.  Tolliver, however, signed the petition on August 2, 2004, which is the earliest date he could have submitted it to prison officials for mailing.  The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State has raised the defenses of failure to exhaust and untimeliness of the petition. For the following reasons, the Court finds that not only did Tolliver not exhaust his state court remedies, but his petition is not timely filed and therefore the petition must be dismissed.

## V. **Exhaustion Requirement**

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Nobles*, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20).

"State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)).

---

petition. *See Cousin v. Lensing*, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

"This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420).

The State contends that Tolliver has not presented the ineffective assistance of counsel claim to the Louisiana Supreme Court for review. A review of the state court record reflects that Tolliver did not raise this claim in any state court before raising it in this federal petition.

Tolliver, therefore, has not exhausted his state court remedies with respect to the ineffective assistance of counsel claim. However, Tolliver's failure to exhaust is not dispositive of the petition because his petition is not timely filed under the AEDPA. Therefore, the petition must be dismissed with prejudice for that reason.

## VI.   Statute of Limitations

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[18] *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). Tolliver's conviction is deemed final on April 5, 1993, when he did not appeal or seek reconsideration of his sentence after his pleas of guilty. Under the plain language of § 2244, Tolliver had until April 5, 1994, to file

---

[18]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

A.   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D.   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

6

a timely federal application for habeas corpus relief.  Thus, literal application of the statute would bar Tolliver's § 2254 petition as of that date, which was two years prior to the effective date of the AEDPA.

However, the United States Fifth Circuit Court of Appeals granted a one-year grace period within which petitioners could file timely federal habeas corpus petitions if their convictions became final prior to April 24, 1996, the effective date of the AEDPA. *Flanagan*, 154 F.3d at 200; *United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091 (1999). Considering this one year grace period, Tolliver was required to file his federal habeas petition no later than April 24, 1997.  His petition, however, is considered filed under the federal mailbox rule on August 2, 2004, over seven years after the grace period expired.  Thus, Tolliver's petition must be dismissed as untimely, unless the one-year grace period was tolled as provided for by the AEDPA.

### A.    **Equitable Tolling**

The doctrine of equitable tolling allows for tolling of the AEDPA's limitation period when the petitioner has been pursuing his rights diligently, and there are rare or extraordinary circumstances preventing timely filing. *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091 (1999); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 125 S. Ct. at 1814-15; *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

7

Tolliver has not alleged, nor does the record reflect any basis for equitable tolling in this case. In addition, his dilatory procedural history does not demonstrate diligence on his part in pursuing post-conviction relief. Therefore, the Court need only determine whether Tolliver is entitled to statutory tolling.

### B.    Statutory Tolling

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2). For a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace*, 125 S. Ct. at 1812 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."); *Williams v. Cain*, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir.), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999).

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior

conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 2001 WL 995164, slip op. at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).

The federal courts have also determined that requests for transcripts and copies from the record are not applications for post-conviction or other collateral review and do not affect the timeliness calculations. *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcripts is not "other collateral review" for tolling purposes); *see also Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, 2002 WL 63541 (E.D. La. Jan. 16, 2002); *Jones v. Johnson*, 2001 WL 1006062 at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. 2002) (delay in receipt of transcript, not required to file an application, does not warrant equitable tolling). Petitioner is not entitled to tolling for his requests for documents which were filed during the periods discussed herein.[19]

In this case, Tolliver's one-year grace filing period began running on April 25, 1996, the day after the effective date of the AEDPA. The grace filing period ran uninterrupted for 365 days until it expired on April 24, 1997. Tolliver had not properly filed state application for post-conviction

---

[19]*See e.g.*, St. Rec. Vol. 1 of 2, Judgment, 1/28/02; 4th Cir. Order, 2002-K-1583, 9/24/02.

relief or other collateral review pending during that time. His first such filing was made almost six years later on February 25, 2003, when he apparently filed the Motion to Vacate in the Trial Court. He is not entitled to any tolling consideration for the filings made after the expiration of the AEDPA filing period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). The limitations period also is not tolled merely because the petitioner believes he is entitled to relief on the claims raised. *United States v. Alexander*, 2000 WL 1092618 at *3 (E.D. La. Aug. 2, 2000); *Gaines v. Cockrell*, 2003 WL 222444 (N.D. Tx. Jan. 28, 2003) (citing *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001)).

Tolliver's federal habeas corpus petition is deemed filed on August 2, 2004, over seven years after the expiration of the one-year grace filing period. For these reasons, Tolliver's federal habeas petition is untimely and should be dismissed with prejudice as time-barred.

## VII.  Recommendation

It is therefore **RECOMMENDED** that Albert Tolliver's Petition for Issuance of a Writ of Habeas Corpus filed pursuant to Title 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

Houston, Texas, this ____ day of December, 2005.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

11