UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALBERT TOLLIVER | CIVIL ACTION |
| VERSUS | No. 04-2498 |
| TIM WILKINSON, WARDEN | SECTION "K"(4) |

### ORDER

The Court, after considering the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge and plaintiff's objections filed on January 12, 2006, approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

Petitioner filed an "Objection to Report and Recommendation" on January 12, 2006 which the Court treats as his written objections. This document is a regurgitation of petitioner's previous arguments and does not address any legal argument or fact contained in the Report and Recommendation other than to request this Court to disregard the Magistrate's Report in its entirety as petitioner's incarceration is so "fundamentally unjust" and/or such a "miscarriage of justice" that any applicable statutes of limitations and/or failure to exhaust state remedies should be overlooked and petitioner should be allowed to maintain his appeal. Such an "objection" is meritless and need not be considered by the Court. *Nettles v. Wainwright*, 677 F.2d 404, 410 n. 8 (5th Cir. 1982),

*overruled on other grounds Douglas v. United Serv. Automobile Assoc.*, 79 F.3d 1415 (5th Cir. 1996). Indeed, the failure to pinpoint those portions of the magistrate judge's Report that the district court must specifically consider bars the party from a de novo determination by the district judge of an issue covered in the report.

Despite these hurdles, upon careful examination of the facts and record before it, the Court finds that the Magistrate Judge's Report and Recommendation neither to be manifestly unjust nor plainly erroneous. As to exhaustion, a review of the state court record, as well as the Magistrate's Report and Recommendation confirms that petitioner has failed to exhaust his state court remedies with respect to his ineffective assistance of counsel claim. Consequently, any objections allegedly raised by petitioner to this issue must be denied, as, contrary to petitioner's assertions otherwise, the Magistrate's Report and Recommendation clearly addresses this claim when it states that exhaustion is required. See Rec. Doc. No. 7, p. 6; see also *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Additionally the Court finds that petitioner's claim is untimely filed pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 1404-132, 110 Stat. 1214. A simple review of uncontested facts reveals pursuant to the statute of limitations found AEDPA, petitioner's claim must be dismissed with prejudice. AEDPA requires petitioner to have brought his § 2254 claim within one year of the date his conviction became final. *See Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). On March 30, 1993 petitioner pled guilty to one count of first degree robbery and one count of armed robbery. Petitioner also pled guilty as a repeat offender to the multiple bill filed by the state in connection with these crimes. Petitioner filed no notice of appeal nor sought no reconsideration of his sentence such that under the version of La. Code Crim. P. art. 914 in effect at the time of petitioner's conviction, his conviction became final five days later,

on April 4, 1993. Because April 4, 1993 was a Sunday, the following business day, Monday, April 5, 1993 is considered the date in which petitioner's conviction became final for purposes of calculating timeliness. As stated in the Magistrate's Report, under the plain language of § 2244, petitioner had one year, or until April 5, 1994 to file a timely federal application for habeas corpus relief under § 2254. However, due to the imposition of AEDPA, a one-year grace period was instituted from the effective date of AEDPA such that those petitioners whose convictions became final prior to April 24, 1996 had one year after AEDPA's effective date in which to timely file for federal habeas corpus relief. Accordingly petitioner was required to file his federal petition no later than April 24, 1997. Pursuant to the federal mailbox rule, petitioner filed his petition on August 2, 2004, over seven years after the expiration of the grace period. Consequently, his petition is untimely and must be dismissed.

     Finally, petitioner's argument for equitable and/or statutory tolling also fails. Equitable tolling is warranted only in those extraordinary situations where petitioner is actively misled or is prevented in some rare way from asserting his rights. *See Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814-15 (2005). Both the record and petitioner's objections are devoid of any facts that would warrant any basis for equitable tolling. Petitioner waited more than seven years to file his federal habeas petition and this lack of diligence negates any argument for equitable tolling. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). Additionally, as stated in the Magistrate's Report, the Court finds that statutory tolling under § 2244(d)(2) is similarly inapplicable. Relevant limitations periods are never tolled simply because a petitioner believes he is entitled to relief, and petitioner is not entitled to any tolling consideration for the filings made after the expiration of the AEDPA filing period previously discussed above. See Magistrates Report, Rec. Doc. No. 7, p. 10 (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)).

Accordingly,

**IT IS ORDERED** that Albert Tolliver's petition for issuance of a Writ of Habeas Corpus filed pursuant to Title 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE** as time barred.

New Orleans, Louisiana, this   10th   day of August, 2006.

          **STANWOOD R. DUVAL, JR.**
      **UNITED STATES DISTRICT COURT JUDGE**